**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CV F 05-1440 REC WMW HC** |
| ) | |
| Petitioner, ) | |
| ) | **FINDINGS AND** |
| v. ) | **RECOMMENDATIONS RE** |
| ) | **APPLICATION FOR** |
| ) | **REMOVAL** |
| **ARMANDO VALLE,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with what he terms an "Application for Withholding of Removal." In his application, Petitioner seeks the withholding of his removal from this country pursuant to 8 U.S.C. Section 1231(b)(3). This statute provides in part that "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."

Title 8 U.S.C. 1229a(c)(5)(A)-(C), petitioner may file a motion to reconsider a decision of the Board of Immigration Appeals (BIA) or an immigration judge (IJ) regarding his removal by specifying the errors of law or fact within thirty (30) days of the decision.  8 U.S.C. § 1229(c)(5)(A)-(C); INA § 240(c)(5)(C); 8 C.F.R. § 3.2(b)(1)(governing motions to reconsider before the BIA); 8 C.F.R. § 3.23(b)(2)(governing motions to reconsider before the IJ).

Section 1229a(c)(6) further provides that an alien may move to reopen his case within ninety (90) days of the order of removal.  8 U.S.C. § 1229a(c)(6)(C)(I); 8 C.F.R. § 3.23(b)(3).  An alien may use a motion to reopen to challenge the finding of deportability itself, or to show that an alien is newly eligible for relief.  See, Socop-Gonzalez v. Immigration and Naturalization Service, 272 F.3d 1176 (9th Cir. 2001).

Following the denial of a motion to reopen or reconsider, an alien may file a petition for review in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.  8 U.S.C. § 1252(b)(2).  However, a final order can only be reviewed if the alien has exhausted his administrative remedies.  8 U.S.C. § 1252(d)(1).

In the present case, there is no indication that Petitioner has exhausted his available administrative remedies to challenge his order of removal or even that such an order now exists.   Even if these prerequisites were met, this court is without the authority to review claims challenging an order of removal.

Accordingly, the court HEREBY RECOMMENDS that this petition be dismissed without prejudice to Petitioner's right to properly challenge any order of removal at the Ninth Circuit Court of Appeals after available administrative  remedies have been exhausted.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 5, 2006**              **/s/  William M. Wunderlich**
mmkd34                                                  UNITED STATES MAGISTRATE JUDGE